Nov. Term,
1856.

HYATT
v.
KIRK.

*J. C. Hague*, for the appellant.

---

## HYATT and Another *v.* KIRK and Another.

Amendments to pleadings can be properly made only by leave of the Court; and where an amendment is made without leave, the Court will not compel the opposite party to notice it, or answer a rule to plead to it, but may try the cause on the unamended pleadings, and order the amendment stricken out.

Where a cause in which the issues are properly formed has been remanded by this Court for a new trial in the Court below, without any suggestion of error touching the pleadings; and on the new trial an amendment is made, without changing the pleadings or disturbing the issues,—as the change of 100 into 200,—it will be presumed it was done with the consent of the opposite party, unless the contrary appear, and that the cause was retried upon the issues remanded from this Court.

APPEAL from the *Fayette* Circuit Court.

Nov. Term, 1856.

HYATT
v.
KIRK.

*Friday, November* 28.

PERKINS, J.—*Kirk* and *Derbyshire* sued *Hyatt* and *Wright*, in debt upon a sealed instrument.

Issues were formed upon pleas of payment and set-off; were tried, and the defendants had judgment. The cause was brought to the Supreme Court, where the judgment was reversed for error in the Circuit Court, in giving and refusing instructions. The cause was remanded for a new trial. No question was made in the Supreme Court upon the pleadings,—no instructions were given touching them in remanding the cause. The reversal extended back to the issues, and left them standing, as formed, for retrial. The case stood then, in the Circuit Court, at issue upon the pleadings filed. 2 Ind. R. 322.

A retrial was had, and resulted in a judgment for the plaintiffs; but it is claimed that this second trial was not upon the former issues,—that it was, indeed, without an issue, and consequently erroneous.

The record, as at first filed, countenanced the proposition. It states that the plaintiff filed an amended declaration, and took a rule upon the defendants to plead to it. It did not show that that rule had been answered —that any pleas had been filed, and did not continue those filed before the first trial. But, in answer to a *certiorari*, the clerk sent up a record containing the pleadings on which the cause stood at issue, and informed us that no amended declaration was filed,—that the only change made in the pleadings was the altering the figure 1 to 2 so as to make the amount claimed in the conclusion of the declaration, 200 instead of 100 dollars.

Now, upon this state of facts, the case may be regarded in two aspects.

1. Amendments of pleadings can only be properly made by leave of the Court. No leave appears to have been obtained here; and hence, the Court would not have compelled the defendants to notice that made, or answer a rule to plead to it, had it been necessary to

plead to it, but might have tried the cause on the pleadings as unamended, and ordered the amendment stricken out.

If this course was pursued, the only error the record would present would be the rendering of judgment for an amount greater than that claimed in the declaration. But no error is assigned for that.

2. The amendment was one which did not require the refiling of the declaration as amended,—it was one that could be made upon the declaration filed. It required no change in the pleas,—in the issues made by the defendants. Hence, we may presume that it was consented to by the defendants, the contrary not appearing, and that the cause was tried upon the issues remanded from this Court for trial. 4 Ind. R. 623. In that event, in making up the record for this Court, on appeal from the judgment on the second trial, the declaration, pleas, &c., leading to the issues, with the trial of those issues would be incorporated. The part of the proceedings formerly had, which were stricken out on the reversal of the cause, as having been, and followed, error would be omitted.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*G. Holland,* for the appellants.

*J. D. Howland* and *J. A. Fay,* for the appellees.